IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| CHARLES RICKY CHOYCE JR. | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv694 |
| WARDEN S. CALHOUN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Choyce, proceeding *pro se*, filed this petition seeking the institution of criminal charges against various prison officials. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Claim and the Report of the Magistrate Judge**

Choyce styled his petition as a "federal criminal complaint," citing 18 U.S.C. §§241 and 242 as well as 28 U.S.C. §535. The Magistrate Judge construed the petition as a civil rights complaint and ordered him to pay an initial partial filing fee of $10.00, in accordance with 28 U.S.C. §1915(b). Choyce filed a response declaring that the petition is a criminal complaint and should not be construed as a civil rights lawsuit.

Upon review of the pleadings and Choyce's response, the Magistrate Judge issued a Report stating that Choyce, as a private citizen, cannot file criminal charges because this is the function of the prosecutor. The Magistrate Judge also observed that 18 U.S.C. §242, the criminal statute prohibiting deprivation of rights under color of state law, does not create a private right of action and that there is no constitutional right to have someone else criminally prosecuted. Thus, the Magistrate Judge recommended that Choyce's petition be dismissed.

1

**II. The Plaintiff's Objections**

In his objections, Choyce states that he did not consent to proceed before the Magistrate Judge under 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. He cites *Screws v. U.S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) in asserting that Congress meant to reach persons acting under the guise or pretense of lawful authority and not merely those acting pursuant to established law or custom, and whether a case is brought as a civil or criminal matter, the actionable conduct is deprivation of rights secured by the Constitution or laws of the United States.

Choyce argues that he has a constitutional right not to be deprived of liberty without due process of law, including the right to be kept free from harm while in official custody. He contends that he is not a "private citizen" but is entitled to file a criminal complaint because of his status as a prisoner, in that he is a ward of the State. He cites the definitions of "private," "citizen," and "citizenship" from Black's Law Dictionary and states that according to TDCJ Board Policy on Offender Grievances, he is not an "individual" but an "offender" in the care, custody, and control of TDCJ-CID.

**III. Legal Standards and Analysis**

Although Choyce complains that he did not agree to consent to proceed before the Magistrate Judge, the case was referred to the Magistrate Judge for pre-trial matters in accordance with 28 U.S.C. §636(b). No consent is required for a referral under §636(b). *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). While consent of the parties is required for the Magistrate Judge to preside over and enter final judgment in a case, that has not happened here. Choyce's objection on this point is without merit.

The *Screws* case cited by Choyce involves the definition of state action for purposes of federal prosecutions but does not hold that such prosecutions may be brought by private individuals. 325 U.S. at 107-09. The Magistrate Judge correctly determined that private individuals cannot file criminal actions because this is the function of the prosecutor and that 18 U.S.C. §242 does not

create a private cause of action. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2nd Cir. 1994); *Quarles v. State of Texas*, 312 F.Supp. 835, 837 (S.D.Tex. 1970). Although Choyce argues that he has a constitutional right not to be deprived of liberty without due process of law, such a right does not convey the power to institute criminal charges. Choyce's objection on this ground is without merit.

Choyce's contention that he is not a "private citizen" or an "individual" because he is a prisoner, but this argument lacks merit on its face. His status as a prisoner or as a "ward of the state" does not give him the right to file criminal charges, a function reserved to the local prosecuting authority. *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964). The Magistrate Judge correctly determined that there is no constitutional right to have another person criminally prosecuted, even when the person seeking the prosecution was the victim of a criminal offense committed by the other. *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). Choyce's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled cause of action is **DISMISSED WITH PREJUDICE** as to its refiling as a purported criminal action, but without prejudice otherwise. It is further

**ORDERED** that any and all motions which may be pending in this case are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **September, 2016.**

_____
Ron Clark, United States District Judge